Filed 2/17/15  P. v. Moran CA4/2

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

**IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA**

**FOURTH APPELLATE DISTRICT**

**DIVISION TWO**

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | E061307 |
| v. | (Super.Ct.No. FVI1201177) |
| GERARDO GODOY MORAN, | OPINION |
| Defendant and Appellant. | |

APPEAL from the Superior Court of San Bernardino County.  Jules E. Fleuret and Debra Harris, Judges.  Affirmed.

Law Offices of Lawrence S. Strauss and Lawrence S. Strauss for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Julie L. Garland, Assistant Attorney General, Eric A. Swenson and Allison V. Hawley, Deputy Attorneys General, for Plaintiff and Respondent.

1

A jury[1] convicted defendant and appellant Gerardo Godoy Moran of assault by means of force likely to produce great bodily injury (Pen. Code,[2] § 245, subd. (a)(4), count 1)[3] and criminal threats (§ 422, count 2). After conviction, the trial court denied defendant's motion for new trial on the basis of ineffective assistance of counsel and ruled that defendant's prior felony conviction was a serious felony for purposes of three strikes sentencing. During sentencing, the court refused to dismiss defendant's prior strike conviction under section 1385 and sentenced him to an aggregate term of 14 years four months in state prison.

On appeal, defendant challenges the trial court's denial of his motion for new trial, arguing that his former trial counsel's failure to call as a witness the victim's ex-girlfriend (and a friend of defendant) constitutes ineffective assistance of counsel. Defendant also challenges the court's refusal to dismiss his prior serious felony conviction under section 1385, arguing that the court failed to properly consider the issue. For the reasons explained *post*, we affirm the judgment.

---

[1] The abstract of judgment incorrectly states that defendant was convicted by court trial.

[2] Unless stated otherwise, all further statutory references are to the Penal Code.

[3] The jury found the enhancement allegation not true as to count 1 that defendant personally inflicted great bodily injury on the victim within the meaning to section 12022.7, subdivision (a).

FACTUAL AND PROCEDURAL BACKGROUND

At trial in September 2012, the People presented the following evidence: On the morning of May 9, 2012, defendant's friend ended a romantic relationship with the victim in a phone conversation. During the conversation, the victim and his ex-girlfriend agreed that he could retrieve his property from her home. When the victim called her a few hours later, she threatened him and his family and refused to give him his property.

The victim contacted the police to request an escort to supervise the property transfer. Following the police's recommendation, the victim brought a friend and drove to a location a couple of blocks away from his ex-girlfriend's house. He then informed the police that he was near the house and waited for a deputy to arrive. At some point while the victim was parked near the house, he spoke with his ex-girlfriend over the phone and told her that he had called the police to supervise the transfer. She responded that she would bring the victim's property to him.

Defendant accompanied the victim's ex-girlfriend to the location where the victim was parked. Defendant was driving her car and she was in the passenger seat. Defendant pulled up to the victim's car, parked, and approached the driver's side of the car where the victim was seated. He yelled at the victim for calling the police and threatened him. The victim's ex-girlfriend told defendant to pull the victim out of the car and "fuck him up."

Defendant tried to punch the victim through the driver's side window. He then opened the door, pulled the victim out of the car and flung him to the ground. The

defendant began punching, kicking, and stomping on the victim's face and head. The victim put his forearms up to his face to protect himself and tried to stand up, but was unable to. The victim recalls losing consciousness for some period of time while defendant was punching and kicking him.

As this was happening, the victim's friend got out of the car to try and help him. The victim's ex-girlfriend approached the friend and began hitting him and pulling his hair. When the friend tried to call the police, she broke his phone. She and defendant then got into her car and drove away.

The victim sustained serious injuries to his jaw, chest, ears, and face. After the incident, his face and right ear were swollen and he was bleeding from his eyes, lips, and right ear. Since the incident, the victim has experienced an echoing sensation in his right ear for which he was referred to a specialist. Defendant's injuries consisted of a swollen right hand and cuts on his feet. The deputy who arrived at the scene and who later interviewed defendant and the victim's ex-girlfriend testified that, after the incident, defendant was "laughing about the situation" and appeared to be intoxicated. He also testified that defendant's injuries did not appear consistent with mutual combat. Defense counsel called as a witness the physician's assistant who examined the victim's right ear after the incident. The physician's assistant testified that he examined the victim's ear canal and eardrum and did not see any rupturing, swelling, or "any other injury" to his right ear. He also testified that he referred the victim to an ear, nose, and throat specialist for further examination.

4

Defendant and the victim's ex-girlfriend were charged with, among other counts, felony assault under section 245, subdivision (a)(4). The victim's ex-girlfriend entered into a plea agreement before trial.

During trial, defense counsel requested a self-defense and a mutual combat jury instruction based on evidence indicating mutual combat and evidence impeaching the People's witnesses. The court ruled that there was insufficient evidence to give these instructions.

On September 10, 2012, the jury convicted defendant of assault by means of force likely to produce great bodily injury (§ 245, subd. (a)(4), count 1) and criminal threats (§ 422, count 2). Following the verdict, defendant waived his right to a jury in order to have the court determine whether a prior conviction from 2006 constitutes a serious felony for three strikes sentencing. The court heard oral argument[4] and ruled that the 2006 conviction is a serious felony under the three strikes law.[5] On December 10, 2012,

---

[4] At the hearing, defendant argued that the 2006 conviction should not count as a strike because it did not involve a deadly weapon. Defendant attempted to distinguish *People v. Semien* (2008) 162 Cal.App.4th 701, which concluded that a conviction for assaulting a police officer (a violation of section 245, subdivision (c)) constitutes a strike, even when the assault did not involve a deadly weapon. While noting that this conclusion was technically dicta, the trial court found it was nevertheless bound to it and agreed with it. Defendant does not raise this issue on appeal.

[5] The court also found that the other special allegations in the information regarding enhancements for prior convictions were true, i.e., that: (1) as to counts 1 and 2, the 2006 conviction and a 1998 drug charge conviction are prior convictions under section 667.5, subdivision (b); and (2) as to count 2, the 2006 conviction constitutes a prior conviction under section 667, subdivision (a).

defendant, in. pro. per.,[6] filed a motion to dismiss the 2006 conviction pursuant to section 1385.  On December 5, 2013 defendant retained current counsel, who is defendant's third counsel in this matter.[7]

On January 21, 2014, defendant filed a motion for new trial, arguing that his former counsel's failure to call the victim's ex-girlfriend as a witness constitutes ineffective assistance of counsel.  On March 20, 2014, after hearing argument regarding former counsel's performance, the court concluded that the decision not to call her as a witness was "based on trial strategy," and denied the motion for new trial.

During the sentencing proceeding on May 29, 2014, defendant again asked the court to dismiss the 2006 conviction.  After hearing argument on the issue, the court refused to dismiss the conviction and explained to defendant, "You allowed yourself to be involved in a situation that was none of your concern.  In hindsight, I believe you when you say that you think you would know how to handle it differently, but one would expect from someone who has a criminal history and who was on a very good road—I read all of the letters in support.  You have a good support system.  This is an individual

---

[6] The court granted defendant's *Faretta* motion on October 19, 2012, after hearing argument and ruling on the prior strike issue.  (*Faretta v. California* (1975) 422 U.S. 806.)

[7] After representing himself in pro. per., defendant retained new counsel on February 15, 2013, then, on December 5, 2013, defendant relieved that attorney and hired present counsel.

that we would expect to know how to handle situations like this." The court sentenced defendant to an aggregate term of 14 years four months in state prison.

ANALYSIS

1. *The motion for new trial*

Defendant contends that the trial court erred when it denied his motion for new trial because there is "no conceivable reason" for former counsel's failure to call the victim's ex-girlfriend as a witness. We disagree.

The standard of review for a trial court's ruling on a motion for new trial is abuse of discretion. (*People v. Homick* (2012) 55 Cal.4th 816, 894 [appellate court must uphold trial court's ruling on a motion for new trial based on ineffective assistance of counsel unless defendant establishes a " ' " 'manifest and unmistakable abuse of discretion' " ' "].)

To succeed on an ineffective assistance of counsel claim, defendant must demonstrate that counsel's performance was deficient (i.e., it fell below an objective standard of reasonableness) and that the deficiency prejudiced defendant (i.e., there is a reasonable probability that but for counsel's failings, defendant would have obtained a more favorable result). (*Strickland v. Washington* (1984) 466 U.S. 668, 687-695 (*Strickland*); *People v. Bolin* (1998) 18 Cal.4th 297, 333; *People v. Osband* (1996) 13 Cal.4th 622, 700 [the standard is the same under the federal and state Constitutions].) Review of counsel's performance is highly deferential and should employ a "strong presumption" that the defendant received reasonable professional assistance of counsel.

7

(*Strickland*, *supra*, 466 U.S. at pp. 689-690; see *People v. Leonard* (2014) 228 Cal.App.4th 465, 484.)

Where, as here, the claim is based on an alleged omission by counsel and the record on appeal does not contain an explanation for the omission, we must reject the claim unless there could be " ' "no satisfactory explanation" ' " for counsel's conduct. (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267 [reversing a holding of ineffective assistance of counsel where record did not show why counsel failed to move to suppress evidence obtained during a warrantless search because counsel was "perhaps" aware that the officer had a justification for the search].) In other words, if there could be a reasonable explanation for counsel's decision, the claim of ineffective assistance of counsel must fail.

In this case, defendant admitted that he does not know how the victim's ex-girlfriend would have testified,[8] and there are a number of reasonable explanations as to why former counsel did not call her as a witness. At the hearing, the court stated that even if defendant did have an offer of proof as to how the victim's ex-girlfriend would testify, such an offer would not be dispositive. The court then found that former counsel's reason for not calling her as a witness "was one based on trial strategy, not in ignorance of self-defense being a viable defense."

---

[8] When asked at the hearing on the motion how the victim's ex-girlfriend would have testified, current defense counsel admitted that he could not answer because he had not spoken with her.

The trial court's finding that counsel's reason was based on trial strategy is reasonable. The transcripts indicate that former counsel's trial strategy was to attack the victim's credibility and present an alternate theory of the case that the victim had provoked defendant.[9] Given this trial strategy, there are a number of reasonable explanations as to why former counsel did not call the victim's ex-girlfriend to the stand. For starters, there are many uncertainties surrounding her testimony, the chief of which is that—despite defendant's assumption that her testimony would have been "exculpatory"—it is entirely possible she would not have testified that defendant acted in self-defense. As a result of these uncertainties and the fact that the victim's ex-girlfriend was initially a codefendant in this case, counsel could reasonably have believed he had a higher chance of success weakening the People's case and creating reasonable doubt.

We need not elaborate on other potential reasonable explanations for counsel's decision. Because there is at least one satisfactory explanation, the trial court did not abuse its discretion in finding counsel's performance was not deficient and, accordingly, in denying the motion for new trial. We therefore affirm the trial court's ruling.

_____

[9] For example, counsel tried to attack the victim's credibility by using his testimony at previous proceedings to contradict his description of the incident and raising the issue of a jealousy motive by questioning him about his use of the internet to look at pictures of defendant and his ex-girlfriend. Counsel also called two of his own witnesses: a physician's assistant to discredit the victim's claimed injuries and the daughter of the victim's ex-girlfriend to contradict the victim's description of his encounter with her after the incident. We note here that defense counsel admitted at the hearing that "[t]he record shows the cross-examinations and the things [former counsel] did do in trial . . . were up to a professional standard. He went down the same avenues of attack on the witnesses I think any experienced defense lawyer would go to."

2. *The prior strike conviction*

The trial court refused to dismiss the 2006 conviction (which it had previously determined was a serious felony for purposes of three strikes sentencing) under section 1385 and sentenced defendant to an aggregate term of 14 years four months in state prison. Specifically, for count 1, defendant received the mid-term of three years, doubled for the prior serious felony. For count 2, defendant received the mid-term of one year four months, to be served consecutively. For the first section 667.5, subdivision (b) enhancement (for the 2006 conviction), defendant received one year, to be served consecutively. For the second section 667.5, subdivision (b) enhancement (for the 1998 conviction), defendant received one year, to be served consecutively. For the section 667, subdivision (a)(1) enhancement (for the 2006 conviction), defendant received five years, to be served consecutively.

Defendant argues that the trial court erred when it refused to dismiss his prior strike conviction because it made a "spur-of-the-moment decision" and did not consider the "disparity between the instant fight and the facts of [defendant's] prior conviction." We conclude that the court did consider the nature of the two convictions, as well as defendant's criminal history, and therefore made a reasoned decision.

The California Supreme Court has held that section 1385 gives a trial court the discretion to dismiss a prior strike conviction if the dismissal is in the furtherance of justice. (§ 1385, subd. (a); *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497, 529-530 (*Romero*).) We review such a ruling for abuse of discretion and will uphold the

10

decision unless it " 'falls outside the bounds of reason.' " (*People v. Williams* (1998) 17 Cal.4th 148, 152, 162.)  Review of a trial court's refusal to dismiss a prior strike is extremely deferential:  " '[w]here the record demonstrates that the trial court balanced the relevant facts and reached an impartial decision in conformity with the spirit of the law,' " we must affirm the trial court's ruling, " 'even if we might have ruled differently in the first instance.' " (*People v. Carmony* (2004) 33 Cal.4th 367, 378.)  Thus, if the court made an impartial decision about whether to dismiss a prior strike that takes into account the relevant facts and arguments, we will uphold that decision.

Here, the trial court "[became] familiar with [the] case in talking with counsel," thoroughly reviewed defendant's probation report, read all of the letters filed in support of defendant seeking leniency, and listened to defense counsel's argument as well as defendant's own statement to the court.

Based on its review of the probation report, the court noted that defendant has a criminal history.  Not counting the present felony assault conviction, in the past 20 years appellant had been convicted of three felonies and two misdemeanor batteries.  The 2006 conviction, which the court had previously ruled was a serious felony under the three strikes law, involved an assault on a peace officer.  The current conviction, despite defendant's characterization of the incident as a mere "fist fight," is also a violent felony.

The court also found defendant's argument for leniency unconvincing.  In response to defense counsel's admission that "his case and my position maybe don't have strictly legal merit," and his position that "his first strike should be disallowed because

11

it's totally unrelated," the court reasoned that while "it [did] look like [the present incident was] an aberration . . . most violent crimes are an aberration." The court further reasoned that "we would expect [defendant] to know how to handle situations like this."

The record described above shows that the court's refusal to dismiss the 2006 conviction is a far cry from "spur-of-the-moment." Before making its decision, the court considered defendant's prior convictions, as well as counsel's arguments, defendant's own statement to the court, and the letters describing defendant's rehabilitation. The court commented on the difficulty of the case but determined that, on balance, defendant fell within the spirit of the three strikes law. Accordingly, we hold that the court reached a reasoned and impartial decision and did not abuse its discretion in refusing to dismiss the 2006 conviction.

Defendant's assertion that his sentence was grossly disproportionate to his crime[10] is unpersuasive. A trial court may not dismiss a prior strike based on " 'a personal antipathy for the effect that the three strikes law would have on a defendant,' while ignoring 'defendants background,' " or the " 'the nature of his present offenses.' " (*Romero*, *supra*, 13 Cal.4th at p. 531.) Here, the record shows that defendant has a history of violent offenses and that his current offense was also violent. The People

---

**10** In his opening brief, defendant states that his sentence "is cruel and unusual punishment . . . in violation of the Eighth and Fourteenth Amendments." Because defendant provides no authority or analysis to support this contention, we only address whether the trial court abused its discretion by refusing to dismiss the 2006 conviction. (See *People v. Islas* (2012) 210 Cal.App.4th 116, 128 ["Assertions unsupported by authority or reasoned argument need not be considered".])

presented evidence that the victim suffered serious injuries when defendant pulled him out of his car, threw him to the ground, and repeatedly punched and kicked him in the face and head as the victim tried to stand up. The deputy testified that defendant's injuries were not consistent with mutual combat and that he appeared jovial and intoxicated after the incident. After hearing the evidence, the jury convicted defendant of felony assault. Defendant's claim that his sentence was grossly disproportionate to his crime is based on his characterization of the incident as a fist fight and ignores the jury's verdict.

Defendant's assertion that "absent the strike prior, the instant conviction merits at most a county jail sentence" is also unavailing. A court does not abuse its discretion by denying a motion to strike a prior conviction where the present offense is arguably minor. (*People v. Carmony*, *supra*, 33 Cal.4th at 367 [trial court did not abuse its discretion in refusing to dismiss prior strikes where defendant received 26 years to life under three strikes sentencing for failing to register as a sex offender].) And, as just discussed, defendant's minimization of his crime disregards the jury's verdict.

The trial court's decision not to dismiss defendant's prior strike conviction was reasoned and impartial, and we uphold it

The clerk of the superior court is directed to amend the abstract of judgment to correctly reflect that defendant was convicted pursuant to a jury trial.  In all further respects, the judgment is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS


RAMIREZ
                                                                                              P. J.


We concur:


HOLLENHORST
                              J.


MILLER
                              J.